UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| AIDAN E. MONAHAN ) | |
| ) | |
| ) | No. 07 CR 314-1 |
| ) | Judge John W. Darrah |

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on June __11__, 2008, and in consideration of bond being set by the Court for defendant AIDAN E. MONAHAN in the amount of $3,000,000 being partially secured by real property, **DEBORAH A. COLLINS, individually, and as sole Member of DAC Realty, LLC,**

**(GRANTOR)**, hereby warrants and agrees:

1. DEBORAH A. COLLINS, individually, and as sole Member of DAC Realty, LLC, , warrants that she is the sole Member of DAC Realty, LLC, warrants that she is authorized to act on its behalf with respect to the property located at

   Chicago, Illinois, and described legally as follows:

   > LOT 10 IN BLOCK 6 IN MILLS AND VESEY'S GLADSTONE PARK ADDITION, A SUBDIVISION IN THE NORTHEAST 1/4 OF SECTION 8 AND THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 5, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

P.I.N.:     13-05-433-030-0000.

DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, warrants that there are no outstanding mortgages, liens, or encumbrances recorded against the subject property.

2. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, agrees that all of her equitable interest in the above-described real property shall be forfeited to the United States of America, should defendant AIDAN E. MONAHAN fail to appear as required by the Court. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, has received a copy of the Court's release order and understands its terms and conditions. Further, she understands that the only notice she will receive is notice of court proceedings.

3. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, further agrees to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, , understands that should defendant AIDAN E. MONAHAN fail to appear [as required by the court], the United States will obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond with respect to AIDAN E. MONAHAN's failure to appear as required in the above-captioned case.

2

4. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, further agrees that she will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of Court. Further, DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, has executed a release in favor of the United States so it can be verified that all obligations relating to the property are paid currently.

5. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, , further understands that if she has knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for the release of defendant AIDAN E. MONAHAN, she is subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, , agrees that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, 5634, 5636 N Central Avenue, hereby declares under penalty of perjury that she has read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 6/11/08

_____
DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC,

~~Settlor~~/Grantor

Date: 6/11/08

_____
Witness

Return to: ATTN: Katie Miller
US Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| AIDAN E. MONAHAN ) | |
| ) | |
| ) | No. 07 CR 314-1 |
| ) | Judge John W. Darrah |

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on June __11__, 2008, and in consideration of bond being set by the Court for defendant AIDAN E. MONAHAN in the amount of $3,000,000 being partially secured by real property, **DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006 (GRANTOR),** hereby warrants and agrees:

1. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, warrants that she is the sole record owner and titleholder of the real property located at _____ Joliet, Illinois, and described legally as follows:

PARCEL 1:

THE WEST 295.00 FEET OF THE EAST 255.00 FEET OF THE NORTH 595.00 FEET OF THE EAST ½ OF THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS.

PARCEL 2:

THE FOLLOWING DESCRIBED PROPERTY, EXCEPTING THEREFROM THE SOUTH 443.00 FEET THEREOF; THAT PART OF THE EAST ½ OF THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 12, IN TOWNSHIP 35 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE INTERSECTION OF THE WEST RIGHT OF WAY LINE OF THE ELGIN, JOLIET AND EASTERN RAILWAY, WITH THE SOUTH LINE OF SAID SECTION 12, THENCE WEST ALONG SAID SOUTH LINE 295 FEET, THENCE NORTH IN A STRAIGHT LINE PARALLEL TO THE WEST LINE OF THE RIGHT OF WAY OF SAID ELGIN, JOLIET AND EASTERN RAILWAY TO THE EAST AND WEST CENTERLINE OF SAID SECTION 12, THENCE EAST ALONG SAID EAST AND WEST CENTERLINE 295 FEET TO THE WEST RIGHT OF WAY OF SAID ELGIN, JOLIET AND EASTERN RAILWAY, THENCE SOUTH ALONG THE WEST LINE OF SAID RIGHT OF WAY TO THE POINT OF BEGINNING, IN WILL COUNTY, ILLINOIS; AND ALSO EXCEPTING:

THAT PART OF THE WEST 295 FEET OF THE EAST 355 FEET OF THE EAST ½ OF THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWEST CORNER OF LOT 2 OF WUNDERLICH'S SUBDIVISION, RECORDED AUGUST 3, 1978 AS DOCUMENT NO. R78-30351; THENCE NORTH ALONG THE WEST LINE OF THE EAST 355 FEET TO A POINT 1069.00 FEET NORTH OF THE SOUTH LINE OF THE SOUTHEAST 1/4 OF SECTION 12; THENCE EAST PARALLEL WITH THE SOUTH LINE OF THE SOUTHEAST 1/4 OF SECTION 12, 60 FEET TO A POINT; THENCE SOUTH PARALLEL TO THE WEST RIGHT OF WAY LINE OF THE ELGIN, JOLIET AND EASTERN RAILROAD 60 FEET TO A POINT; THENCE EAST ALONG A LINE PARALLEL TO THE SOUTH LINE THE SOUTHEAST 1/4 OF SECTION 12; 235 FEET TO THE WEST RIGHT OF WAY LINE OF THE ELGIN, JOLIET AND EASTERN RAILROAD; THENCE SOUTH ALONG THE WEST RIGHT OF WAY LINE OF ELGIN, JOLIET AND EASTERN RAILROAD 566 FEET TO THE NORTHEAST CORNER OF LOT 2 OF WUNDERLICH'S SUBDIVISION AFORESAID, THENCE WEST ALONG THE NORTH LINE OF WUNDERLICH'S SUBDIVISION AFORESAID 295 FEET TO THE POINT OF BEGINNING, IN WILL COUNTY, ILLINOIS; AND ALSO EXCEPTING:

THAT PART OF THE EAST ½ OF THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE INTERSECTION OF THE WEST RIGHT OF WAY LINE OF THE ELGIN, JOLIET AND EASTERN RAILWAY WITH THE NORTH LINE OF THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, THENCE WEST ALONG THE SAID NORTH LINE OF THE SOUTHEAST 1/4, 295.00 FEET TO A POINT, THENCE SOUTH ALONG A LINE PARALLEL TO THE SAID

2

WEST LINE OF THE ELGIN, JOLIET AND EASTERN RAILWAY, 941.94 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING SOUTH ALONG SAID PARALLEL LINE 635.00 FEET TO THE NORTHERLY LINE OF ALEXANDER DRIVE AS DEDICATED IN P.G. LENNON SUBDIVISION FIRST ADDITION RECORDED NOVEMBER 5, 1982 AS DOCUMENT NO. R82-23563, THENCE EASTERLY 60.00 FEET ALONG THE SAID NORTH LINE OF ALEXANDER DRIVE TO THE END OF THE SAID ALEXANDER DRIVE; THENCE SOUTHERLY 60.00 FEET, ALONG THE EAST LINE OF THE SAID ALEXANDER DRIVE, TO THE NORTH LINE OF LOT 3 IN SAID P.G. LENNON SUBDIVISION FIRST ADDITION; THENCE EASTERLY 235.00 FEET, ALONG THE SAID NORTH LINE OF LOT 3 TO THE WEST RIGHT OF WAY LINE OF THE ELGIN, JOLIET AND EASTERN RAILWAY; THENCE NORTHERLY ALONG THE SAID WEST RIGHT OF WAY LINE OF THE ELGIN, JOLIET AND EASTERN RAILWAY 750.00 FEET TO A POINT; THENCE SOUTHWESTERLY 299.56 FEET TO THE POINT OF BEGINNING, IN WILL COUNTY, ILLINOIS.

AND ALSO EXCEPT THE WEST 295.00 FEET OF THE EAST 355.00 FEET OF THE NORTH 595.00 FEET OF THE EAST ½ OF THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 12, TOWNSHIP 35 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS.

P.I.N.: 06-12-417-073-0000.

DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, warrants that there is one outstanding mortgage and assignments of rents (to First American Bank) and one mechanic's lien recorded against the subject property, and that there are no other mortgages, liens, or encumbrances.

2.  DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, agrees that all of her equitable interest in the above-described real property shall be forfeited to the United States of America, should defendant AIDAN E. MONAHAN fail to appear as required by the Court. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, has received a copy of the Court's release order and understands its terms and conditions. Further, she understands that the only notice she will receive is notice of court proceedings.

3. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, further agrees to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, understands that should defendant AIDAN E. MONAHAN fail to appear, the United States will obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond with respect to AIDAN E. MONAHAN's failure to appear as required in the above-captioned case.

4. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, further agrees that she will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of Court. Further, DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, has executed a release in favor of the United States so it can be verified that all obligations relating to the property are paid currently.

5. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, further understands that if she has knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for the

release of defendant AIDAN E. MONAHAN, she is subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, agrees that the United States shall file and record a copy of this Forfeiture Agreement with the Will County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, hereby declares under penalty of perjury that she has read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 6/11/08

_____
DEBORAH A. COLLINS, individually and as
Trustee under the Deborah A. Collins
Declaration of Trust dated November 13, 2006
Grantor

Date: 6/11/08

_____
Witness

Return to: ATTN: Katie Miller
US Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| AIDAN E. MONAHAN ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | No. 07 CR 314-1 |
| ) | Judge John W. Darrah |

**FORFEITURE AGREEMENT**

Pursuant to the Pretrial Release Order entered in the above-named case on June _11_, 2008, and in consideration of bond being set by the Court for defendant AIDAN E. MOHAHAN in the amount of $3,000,000 being partially secured by real property, **DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC,**

**(GRANTOR)**, hereby warrants and agrees:

1. DEBORAH A. COLLINS, individually, and as sole Member of DAC Realty, LLC, warrants that she is the sole Member of DAC Realty, LLC, warrants that she is authorized to act on its behalf with respect to the property located at

, Chicago, Illinois, and described legally as follows:

> LOT 9 IN BLOCK 6 IN MILLS AND VESEY'S GLADSTONE PARK ADDITION, A SUBDIVISION IN THE NORTHEAST 1/4 OF SECTION 8 AND THE EAST ½ OF THE SOUTHEAST 1/4 OF SECTION 5, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

P.I.N.: 13-05-433-029-0000.

DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, warrants that there is one outstanding mortgage recorded against the subject property with the Washington Mutual Bank, FA, and that there are no other outstanding mortgages, liens, or encumbrances recorded against the subject property.

2. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, agrees that all equitable interest in the above-described real property shall be forfeited to the United States of America, should defendant AIDAN E. MOHAHAN fail to appear as required by the Court. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, has received a copy of the Court's release order and understands its terms and conditions. Further, she understands that the only notice she will receive is notice of court proceedings.

3. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, further agrees to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, understands that should defendant AIDAN E. MOHAHAN fail to appear *as required by the court* the United States will obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond with respect to AIDAN E. MONAHAN's failure to appear as required in the above-captioned case.

4. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, further agrees that she will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of Court. Further, DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, has executed a release in favor of the United States so it can be verified that all obligations relating to the property are paid currently.

5. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, further understands that if she has knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for the release of defendant AIDAN E. MOHAHAN, she is subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, agrees that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

3

6. DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC, 5634, 5636 N Central Avenue, hereby declares under penalty of perjury that she has read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 6/11/08

_____
DEBORAH A. COLLINS, individually and as sole Member of DAC Realty, LLC,
Grantor

Date: 6/11/08

_____
Witness

Return to: ATTN: Katie Miller
US Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) ) ) |
| AIDAN E. MONAHAN | ) ) ) ) ) ) ) ) ) ) No. 07 CR 314-1 ) Judge John W. Darrah |

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on June _11_, 2008, and in consideration of bond being set by the Court for defendant AIDAN E. MONAHAN in the amount of $3,000,000 being partially secured by real property, **DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006 (GRANTOR)**, hereby warrants and agrees:

1.　DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, warrants that she is the sole record owner and title-holder of the real property located at 17W420 Hickory Avenue, Bensenville, Illinois, and described legally as follows:

> LOT 3 IN HOFER'S SUBDIVISION OF PART OF THE SOUTHWEST QUARTER OF SECTION 22, TOWNSHIP 40 NORTH, RANGE 11 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MARCH 22, 1988 AS DOCUMENT R88-27195 IN DUPAGE COUNTY, ILLINOIS.

P.I.N.: 03-22-303-008-0000.

DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, warrants that there is there is only one outstanding mortgage (issued by Washington Mutual, FA) and only two mechanic's liens recorded against the subject property, and that there are no further mortgages, liens, or encumbrances, except that a personal judgment in the amount of $50,771.63 against, *inter alia*, AIDAN E. MONAHAN, has been recorded against him and the property.

2. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, agrees that all of her equitable interest in the above-described real property shall be forfeited to the United States of America, should defendant AIDAN E. MONAHAN fail to appear as required by the Court. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, has received a copy of the Court's release order and understands its terms and conditions. Further, she understands that the only notice she will receive is notice of court proceedings.

3. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins [trustees] Declaration of Trust dated November 13, 2006, further agrees to execute a ~~quitclaim~~ deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, understands that should defendant AIDAN E. MONAHAN fail to appear, the United States will obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest

in the above-described real property and satisfy the obligation arising from a breach of the bond with respect to AIDAN E. MONAHAN's failure to appear as required in the above-captioned case.

4. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, further agrees that she will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish her interest therein, including any effort to sell or otherwise convey the property without leave of Court. Further, DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, has executed a release in favor of the United States so it can be verified that all obligations relating to the property are paid currently.

5. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, further understands that if she has knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for the release of defendant AIDAN E. MONAHAN, she is subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, agrees that the United States shall file and record a copy of this Forfeiture Agreement with the DuPage County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6. DEBORAH A. COLLINS, individually and as Trustee under the Deborah A. Collins Declaration of Trust dated November 13, 2006, hereby declares under penalty of perjury that she has read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 6/11/08

_____
DEBORAH A. COLLINS, individually and as
Trustee under the Deborah A. Collins
Declaration of Trust dated November 13, 2006
/Grantor

Date: 6/11/08

_____
Witness

Return to: ATTN: Katie Miller
US Attorney's Office
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604

4