UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 314 |
| v. | ) | |
| | ) | Judge John Darrah |
| AIDAN E. MONAHAN | ) | |

**MOTION OF THE UNITED STATES FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

1.  On June 5, 2008, a superseding information was filed charging defendant AIDAN E. MONAHAN and a co-defendant with mail fraud pursuant to the provisions of 18 U.S.C. § 1341.

2.  The superseding information sought forfeiture to the United States of any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense, including but not limited to all profits received by defendant AIDAN E. MONAHAN from the Chicago Public Schools pursuant to the Sheltered Market Contract, which includes at least $100,000, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.  On June 11, 2008, pursuant to Fed. R. Crim. P. 11, defendant AIDAN E. MONAHAN entered a voluntary plea of guilty to the superseding information, charging him with a violation of 18 U.S.C. § 1341.

4. Pursuant to the terms of the plea agreement and as a result of his violations of 18 U.S.C. § 1341, defendant AIDAN E. MONAHAN agreed that funds in the amount of $100,000 are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as funds which constitute or are derived from proceeds traceable to the mail fraud scheme as alleged in the superseding information.

5. Defendant AIDAN E. MONAHAN further agreed to the entry of a forfeiture judgment in the amount of $100,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeiting all right, title, and interest he has in the foregoing property for disposition according to law. Defendant further agreed that, following the entry of a preliminary order of forfeiture or ten business days after the entry of his guilty plea, whichever is later, the government may apply for an order for the immediate payment of the $100,000 agreed forfeiture to be paid from the escrow account maintained by the Clerk of the Court as partial security for the defendant's release on bond, to satisfy the forfeiture judgment.

6. Accordingly, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a preliminary order of forfeiture in which all right, title, and interest of the defendant in a $100,000 judgment and in the $100,000 received from the Clerk of the Clerk in satisfaction of the judgment as forfeit to the United States for disposition according to law, and to further enter an order directing the Clerk of Court to issue a check in the amount of $100,000 made payable to "United States Marshals Service Seized Asset Deposit Fund."

7.	Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall seize and take custody of the foregoing funds issued by the Clerk of Court for disposition as the Attorney General may direct.

8.	Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon the entry of the preliminary order of forfeiture and receipt of funds from the Clerk of Court, the United States shall publish notice of this order and of its intent to dispose of the funds according to law. The United States may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the funds that are the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone that qualifies for such notice.

9.	Further, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court, and 21 U.S.C. § 853(n)(1), any person, other than the defendant, asserts an interest in the funds that have been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph eight (8), whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the funds, the government shall request a hearing. The hearing shall be held before the Court alone, without a jury.

10.	Following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the funds more fully described above, vesting clear title in the United States of America.

11. The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant AIDAN E. MONAHAN and included in any judgment and commitment order entered in this case against him.

WHEREFORE, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a judgment in the amount of $100,000 against defendant AIDAN E. MONAHAN, and further enter a preliminary order of forfeiture as to funds in the amount of $100,000, in accordance with the draft preliminary order of forfeiture which is submitted herewith.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ BARRY A. MILLER
BARRY MILLER
NANCY MILLER
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300