UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 314 |
| v. ) | |
| ) | Judge John Darrah |
| AIDAN E. MONAHAN ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2, the Court being fully informed hereby finds as follows:

(a)   On June 5, 2008, a superseding information was filed charging defendant AIDAN E. MONAHAN and a co-defendant with mail fraud pursuant to the provisions of 18 U.S.C. § 1341;

(b)   The superseding information sought forfeiture to the United States of any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense, including but not limited to all profits received by defendant AIDAN E. MONAHAN from the Chicago Public Schools pursuant to the Sheltered Market Contract, which includes at least $100,000, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c)   On June 11, 2008, pursuant to Fed. R. Crim. P. 11, defendant AIDAN E. MONAHAN entered a voluntary plea of guilty to the superseding information, charging him with a violation of 18 U.S.C. § 1341;

(d)   Pursuant to the terms of the plea agreement and as a result of his violations of 18 U.S.C. § 1341, defendant AIDAN E. MONAHAN agreed that funds in the amount of $100,000 are

subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as funds which constitute or are derived from proceeds traceable to the mail fraud scheme as alleged in the superseding information;

(e) Defendant AIDAN E. MONAHAN further agreed to the entry of a forfeiture judgment in the amount of $100,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeiting all right, title, and interest he has in the foregoing property for disposition according to law. Defendant further agreed that, following the entry of a preliminary order of forfeiture or ten business days after the entry of his guilty plea, whichever is later, the government may apply for an order for the immediate payment of the $100,000 agreed forfeiture to be paid from the escrow account maintained by the Clerk of the Court as partial security for the defendant's release on bond, to satisfy the forfeiture judgment;

(f) Accordingly, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, the United States requests that this Court enter a preliminary order of forfeiture in which all right, title, and interest of the defendant in a $100,000 judgment and in the $100,000 received from Clerk of the Court as forfeit to the United States for disposition according to law, and to further enter an order directing the Clerk of Court to issue a check in the amount of $100,000 made payable to "United States Marshals Service Seized Asset Deposit Fund."

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. A judgment is entered against defendant AIDAN E. MONAHAN in the amount of $100,000. It is further ordered;

2. That, the Clerk of the Court of the United States District Court for the Northern District of Illinois shall issue a check in the amount of $100,000 from the funds held in escrow for the partial bond security of defendant AIDAN E. MONAHAN. The check shall be made payable

to "United States Marshals Service Seized Assets Deposit Fund." Contract Forfeiture Paralegal Catherine A. Miller from the U.S. Attorney's Office is authorized to accept the check from the Clerk of the Court for deposit with the United States Marshals Service. It is further ordered,

3. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant AIDAN E. MONAHAN in the $100,000 forfeiture judgment and in funds in the amount of $100,000 issued by the Clerk of the Court is hereby forfeited to the United States of America for disposition according to law. It is further ordered,

4. That, upon entry of this preliminary order of forfeiture, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall seize and take custody of the foregoing funds for disposition according to law. It is further ordered,

5. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the funds according to law. The United States may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the funds that are the subject of the preliminary order of forfeiture. The government is unaware at this time of anyone requiring such notice. It is further ordered,

6. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court, and 21 U.S.C. § 853(n)(1), any person, other than the defendant, asserts an interest in the funds that have been ordered forfeited to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph five (5), whichever is earlier, and petitions the Court for a hearing to adjudicate the

validity of this alleged interest in the funds, the government shall request a hearing. The hearing shall be held before the Court alone, without a jury. It is further ordered,

7. That, following the disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the funds which are the subject of this preliminary order of forfeiture, vesting clear title in the United States of America. It is further ordered,

8. That the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant AIDAN E. MONAHAN and included in any judgment and commitment order entered in this case against him. It is further ordered,

9. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
United States District Judge

DATED: 7-30-08